UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN M.,<br>        Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>        Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 3:22-CV-158-JVB<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiff John M. seeks judicial review of the Social Security Commissioner's decision denying his disability insurance benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on January 6, 2020. (AR 10). In his application, Plaintiff alleged that he became disabled on November 18, 2019. *Id.* After a hearing in 2021, the Administrative Law Judge (ALJ) found that Plaintiff suffers from the severe impairments of unspecified depressive disorder; unspecified anxiety disorder; substance induced psychotic disorder; and alcohol, cannabis, and methamphetamine use disorder. (AR 12). The ALJ also found that Plaintiff suffered from the non-severe impairment of mild degenerative disk disease. *Id.* The ALJ found that Plaintiff meets Listing 12.04. (AR 13). However, the ALJ found that if Plaintiff stopped his substance use, he would not have an impairment or combination of impairments that meets or medically equals the severity of a Listing. (AR 15-16). The ALJ then found that if Plaintiff stopped his substance use, he would be able to perform his past relevant work as a wrapper. (AR 19). The ALJ also found that Plaintiff could perform other work that exists in significant numbers in the national economy. (AR 20). Therefore, the ALJ found him to be not

disabled from the alleged onset date through the date of the decision. *Id.* This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**ANALYSIS**

Plaintiff offers a single argument in support of his request for remand: the ALJ erred in the analysis of his drug and alcohol abuse is not supported by substantial evidence.

Plaintiff first asserts that the ALJ erred in the drug addiction and alcoholism (DAA) analysis in determining that his alcoholism is a contributing factor material to the Commissioner's decision. Under SSR 13-2p, if drug or alcohol use is material to a claimant's disability, the claimant is found not disabled. SSR 13-2p, 2013 WL 621536, at *2 (Feb. 20, 2013). "When an applicant for disability benefits both has a potentially disabling illness and is a substance abuser, the issue for the administrative law judge is whether, were the applicant not a substance abuser, [he] would still be disabled" *Kangail v. Barnhart*, 454 F.3d 627, 628 (7th Cir. 2006). In other words, a claimant will be found not disabled if his alcohol or drug use is a "contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The claimant bears the burden of proving that his drug use or alcoholism is not a contributing factor material to his disability, but the ALJ must still "adequately disentangle" the effects of his substance abuse from the symptoms and limitations of his other impairments. *Harlin v. Astrue*, 424 F. App'x 564, 567-68 (7th Cir. 2011).

The ALJ must make a DAA materiality determination if an acceptable medical source has established that a claimant has a substance use disorder and if the ALJ found the claimant to be disabled considering all impairments, including the substance use disorder or DAA. SSR 13-2p, 2013 WL 621536, at *2 (Feb. 20, 2013). Here, the ALJ found that Plaintiff's impairments, including his substance use, met the criteria of Listing 12.04. (AR 13). The ALJ must then determine whether the claimant's other physical or mental impairment[s] is "sufficiently severe to establish disability by itself." SSR 13-2p, 2013 WL 621536, at *6 (Feb. 20, 2013). If the

impairments are not severe enough to establish disability without the DAA, then the DAA is material, and the claimant is not disabled. *Id.*

The ALJ found that if Plaintiff stopped his substance use, he would still have severe impairments, but they would not be disabling without the substance use. (AR 17). Plaintiff alleges that the ALJ erred by failing to properly consider his stability during structured, inpatient stays, while ignoring his relapses once he is discharged.

The ALJ relies on medical evidence from telehealth appointments from April through August 2020, and the ALJ found that Plaintiff "had not used substances since February 2020," had a 40% improvement in symptoms on medications, and significant improvement in his mood since he stopped drinking alcohol. (AR 18). The ALJ also noted that Plaintiff's diagnoses of depression, generalized anxiety disorder, and sleep disturbance were noted as controlled. *Id.* The ALJ also relied on the medical opinion of Dr. Efobi, who opined that Plaintiff could do simple tasks with occasional interactions without DAA. *Id.*

There are multiple errors in the ALJ's assessment. First and foremost, the ALJ relies on evidence from April through August 2020, which the ALJ found showed his depression and anxiety were controlled during a period of abstinence. However, the ALJ ignores that Plaintiff had a possible suicide attempt in July 2020, where he overdosed on multiple medications and alcohol. (AR 1255). Furthermore, the treatment notes from May and June 2020 indicate that Plaintiff was still suffering from anxiety and depression, and his doctors were adjusting his medications regularly. (AR 1234-42). These continued medication adjustments contradict the findings that Plaintiff's depression and anxiety were stable. Plaintiff told his doctors that he wants "to sleep all the time so [he doesn't] have to deal with crap." (AR 1238). Plaintiff testified that he continues to drink "to keep the depression down," and that drinking "took it away for a minute, but then [the

4

depression] came back." (AR 45). Plaintiff stated that although drinking depressed him even more, he continued to drink for the momentary relief. *Id.* He further testified that although he was sober at the time of the hearing, he still had no hope and his depression had not improved. (AR 44-45). Plaintiff also stated to his doctors in 2018 that he drank to numb his back pain. (AR 1427, 1475, 1487).

The ALJ failed to address the possibility that Plaintiff's alcohol abuse was caused by his depression and anxiety. *See Kangail*, 454 F.3d at 629 ("[B]ipolar disorder can precipitate substance abuse, for example as a means by which the sufferer tries to alleviate her symptoms."); *Harlin*, 424 F. App'x at 568 ("[W]e believe that the ALJ here has not adequately disentangled the effects of Harlin's drug abuse from those of her other impairments."). Plaintiff provided evidence that his alcohol abuse was an attempt to numb his physical pain and an attempt to self-medicate during periods of depression and anxiety, but the ALJ did not provide any discussion of this or attempt to disentangle his depression and anxiety from his alcohol use.

Moreover, though Plaintiff showed some signs of improvement during structured inpatient and outpatient psychiatric and rehabilitation settings, there is no evidence that Plaintiff would be able to maintain that improvement outside of a structured setting. "[I]mproved condition at the time of discharge … [is] hardly remarkable because one would expect a patient with severe mental impairments to improve upon a course of treatment in a structured hospital environment." *Harlin*, 424 F. App'x at 568 (citing *Salazar v. Barnhart*, 468 F.3d 615, 624 (10th Cir. 2006)*; Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)). The ALJ did not consider whether Plaintiff could maintain such improvement outside of a structured setting. The medical evidence indicates that Plaintiff could not maintain improvement outside of a structured setting, as he regularly reverted to alcohol use due to worsening depression

5

and physical pain following inpatient and outpatient programs. (AR 44-45, 313, 508, 517, 548, 1255, 1472, 1475, 1487). This error requires remand.

In determining whether Plaintiff's DAA is material, the ALJ relied on Dr. Efobi's medical opinion, who opined that Plaintiff's impairments are not disabling without DAA. Dr. Efobi stated that he relied on a series of pages in the medical record that indicated Plaintiff's mental impairments were less limiting during periods of sobriety. The records Dr. Efobi relies on show that Plaintiff has had multiple suicide attempts while drinking. (AR 210, 313, 329, 508, 1489, 1371). However, the notes also indicate that he started drinking due to feeling overwhelmed with general stressors and depression. (AR 310, 313, 508). Moreover, although one of the records indicated that he started drinking again only after discontinuing his medications, Plaintiff testified that he stopped taking his medications because they weren't helping, and that he started drinking again in an attempt to self-medicate. (AR 44-45, 508). Although Plaintiff told his doctor that he was no longer feeling suicidal and is only suicidal when he intoxicated, the doctor stated he was "not very convincing." (AR 508). Other medical records also contradict his improvement with sobriety, showing Plaintiff as being suicidal or at a high risk of self-harm during periods of sobriety and inpatient psychiatric care. (AR 304, 348, 548, 554, 591, 593, 596-97, 600, 1472). In a separate hospital admission, Plaintiff told his doctors that he is suicidal even when he does not drink, and his thoughts are "stronger than the alcohol." (AR 304). On February 23, 2021, after being sober for seventy days and while receiving inpatient care, Plaintiff stated that he continued to struggle with depression and anxiety, and he listed depression as a barrier to his alcoholism recovery. (AR 1397-98).

The ALJ failed to properly explain the inconsistencies between Dr. Efobi's opinion and the medical record, which indicates that Plaintiff's depression frequently led to his drinking, and not

the other way around. Plaintiff reported that he re-starts his drinking when he is depressed, and that he also used alcohol to numb his back pain. (AR 44-45, 304, 1397-98, 1472, 1475, 1487). In January 2021, he stated that his trigger for drug and alcohol use were "the people around him." (AR 1463). While inpatient in January 2021, Plaintiff stated that he experienced "quite a bit" of difficulty in adjusting to major life stresses, goals or direction in life, and feeling satisfaction with his life. (AR 1407-08). While inpatient during that time, Plaintiff also stated that his depression and mental health were triggers to his alcoholism relapsing. (AR 1418). The ALJ failed to support his decision with substantial evidence, as he did not address the evidence contrary to Dr. Efobi's opinion in evaluating Plaintiff's substance abuse.

Plaintiff also raises additional issues regarding the RFC and medical opinions. Because the ALJ erred in evaluating Plaintiff's DAA, remand is appropriate. Proper analysis and discussion of Plaintiff's DAA and a full examination of the medical evidence may alter the discussion and analysis of these other areas. The Court remands this case due to the ALJ's failure to properly analyze Plaintiff's DAA under SSR 13-2p.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's request, **REVERSES** the final decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings in accordance with this Opinion and Order.

SO ORDERED on March 7, 2023.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT